# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

MORRISON CONSTRUCTION CO., )
an Oklahoma corporation, )
                                                )
               Plaintiff, )
                                                )
vs. ) Case No. 18-CV-56-TCK-FHM
                                                )
BLUROCK CONCRETE, LLC )
a Kansas limited liability company, )
                                                )
               Defendant. )

## OPINION AND ORDER

Before the Court are Defendant BluRock Concrete, LLC's Motion to Dismiss for Improper Venue or, in the alternative, Transfer This Action to the District of Kansas ("venue motion") (Doc. 10) and Plaintiff Morrison Construction Company's Motion to Remand (Doc. 14). For reasons discussed below, both motions are **DENIED**.

## I.     Factual and Procedural Background

Plaintiff is an Oklahoma corporation located in Tulsa, OK, and Defendant is a Kansas LLC located in Wichita, KS. (Doc. 2-1, pg. 10.) Plaintiff and Defendant entered into a contract for Defendant to provide services and materials for a construction project ("project") located in Arkansas City, KS. (Doc. 2-1, ¶ 4, 7.) Plaintiff alleges that Defendant failed to fulfill its contractual obligations, including failure to pay vendors, causing delays to the project and damages. (Doc. 2-1, ¶ 17, 22, 23.) Plaintiff also alleges that Defendant made intentional and negligent misrepresentations about its ability to complete the work. (Doc. 2-1, ¶ 38-47.)

Plaintiff filed this case in Tulsa County District Court on December 14, 2017, alleging causes of action for breach of contract, promissory estoppel, delay in performance, intentional misrepresentation, negligent misrepresentation, unjust enrichment, and "constructive fraud and

deceit." Plaintiff also requested damages "in excess of $75,000." (Doc. 2-1, pg. 9.) Defendant removed this case to this Court on the basis of diversity jurisdiction on January 25, 2018. (Doc. 2.) Plaintiff does not contest that the parties are diverse for removal purposes.

Defendant filed its venue motion on February 1, 2018, alleging that the requirements for proper venue are not met and, in the alternative, that the case should be transferred for the convenience of parties and witnesses. (Doc. 10.) Plaintiff filed its Motion to Remand on February 26, 2018, alleging that removal on the basis of diversity jurisdiction was not appropriate, as the case does not satisfy the amount in controversy requirement. (Doc. 14.)

## II. Motion to Remand (Doc. 14)

### A. Removal Law

Any state court case that could have been filed in federal court can also be removed to federal court. *See* 28 U.S.C. § 1441(a). A federal court has jurisdiction over state law claims where the matter in controversy is (1) between citizens of different states ("complete diversity") and (2) exceeds $75,000, exclusive of costs and interests ("amount in controversy"). *See Id.*, 28 U.S.C. § 1332(a). There is a presumption against removal, however, and courts must deny jurisdiction if it is not affirmatively apparent on the record. *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). Here, it is undisputed that the suit demonstrates complete diversity. Accordingly, Plaintiff must show that the case does not meet the amount in controversy requirement to justify remand.

The amount in controversy requirement can be established by a plaintiff's allegation that the amount in controversy exceeds $75,000, or by a defendant coming forward with evidence of jurisdictional facts supporting a conclusion that the amount in controversy exceeds $75,000. *See McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008). However, a plaintiff may not defeat removal based on diversity of citizenship by voluntarily reducing the amount in controversy after

2

removal. Similarly, events that occur subsequent to removal that are beyond the plaintiff's control but which reduce the amount recoverable will also not deprive the district court of jurisdiction. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 293 (1938); *Whitham v. Progressive Northern Ins. Co.*, No. 19-cv-0055-CVE-FHM, 2019 U.S. Dist. LEXIS 35474, *4 (N.D. Okla. Mar. 6, 2019).

B.   **Remand is not Appropriate**

The Court finds that Plaintiff's Motion to Remand should be denied, because the case was properly removed on the basis of diversity jurisdiction. As Plaintiff concedes, at the time it filed this action, it held the good faith belief that the recovery would be in excess of $75,000. (Doc. 14, pg. 3.) Plaintiff stated that "*since the filing of the lawsuit*, some invoices have been paid, certain delay charges that were anticipated from the owner of the project have not been charged to date, damages have been recalculated, and Plaintiff no longer believes the amount in controversy exceeds $75,000." (Doc. 14, pg. 3) (emphasis added). In an affidavit attached to its Motion to Remand, Plaintiff's president stated that as of February 22, 2018, Defendant owed Plaintiff $14,861.53, and that the owner of the project "has not [invoked its right to assess] back charges against Morrison, and Morrison now anticipates that the owner intends to waive the right to the same." (Doc. 14-1, ¶ 9.)

However, none of these facts were established at the time of removal. When Defendant removed this case, it cited Plaintiff's allegation that the amount in controversy would be in excess of $75,000. The Tenth Circuit has held that "[g]enerally, the amount sued for fixes the amount in controversy for jurisdictional purposes." *Huffman v. Saul Holdings Ltd. Pshp.*, 194 F.3d 1072, 1079 (10th Cir. 1999). Plaintiff has not presented any facts indicating that the amount sued for was not in fact the amount in controversy at the time of removal. Rather, Plaintiff concedes that all events reducing damages occurred after it filed the lawsuit. Moreover, to the extent that the

affidavit attached to Plaintiff's Motion to Remand can be construed as Plaintiff voluntarily limiting its damages to less than $75,000, this too does not deprive the Court of jurisdiction, as Plaintiff may not defeat removal jurisdiction by stipulating to a lower maximum recovery. Accordingly, this case was appropriately removed and remand is not appropriate.

**III. Venue Motion**

**A. Venue is Proper**

Defendant moves for dismissal under Federal Rule of Civil Procedure 12(b)(3) based on its allegation that venue is improper here. Defendant alleges that venue is improper in this Court under 28 U.S.C. § 1391(b) ("§ 1391(b)") because it is not a resident of Oklahoma and no substantial part of the events or omissions establishing the claim occurred in the Northern District of Oklahoma. (Doc. 10, pg. 2.) However, removal venue is controlled not by § 1391(b), but by 28 U.S.C. § 1441(a), which provides that cases may be removed to "the district court of the United States for the district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a); *Lundahl v. Pub. Storage Mgmt.*, 62 F. App'x 217, 218-19 (10th Cir. 2003) (unpublished). Accordingly, venue in the Northern District of Oklahoma is proper.[1]

**B. Transfer under 28 U.S.C. § 1404(a) is not appropriate**

Defendant alternatively requests that the Court transfer this case to the District of Kansas pursuant to 28 U.S.C. § 1404(a) ("§ 1404(a)"). (Doc. 10, pg. 6.) Under § 1404(a), a court may, "[f]or the convenience of parties and witnesses, in the interest of justice . . . transfer any civil action to any other district or division where it might have been brought." The district court has discretion

---

[1] In its Reply, Defendant argues that a district court in the Tenth Circuit found that a defendant had not waived a forum selection clause by removing the case to federal court, and that this reasoning applies equally to the venue statute in this case. However, the Court finds it improper to consider an argument first raised in a reply, to which Plaintiff lacked a meaningful opportunity to respond. *See United States v. Herget*, 585 F. App'x 948, 950-51 (10th Cir. 2014) (unpublished).

to consider convenience and fairness in an "individualized, case-by-case" manner. *See Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991) (quoting *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)). The party moving to transfer a case pursuant to § 1404(a) bears the burden of establishing that the existing forum is inconvenient. *Id.* at 1515. However, merely shifting the inconvenience from one side to the other is not a permissible justification for a change of venue. *See Emplrs Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1167 (10th Cir. 2010).

This case "might have been brought" in the District of Kansas. Under § 1391(b), venue is proper "in a judicial district in which any defendant resides." It is uncontested that Defendant is a citizen of Kansas. Accordingly, the case might have been brought in the District of Kansas, and the Court may proceed to its analysis of the discretionary factors.

In considering a motion to transfer under § 1404(a), the court must weigh the following discretionary factors:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and [] all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Emplrs Mut. Cas. Co.*, 618 F.3d at 1167.

The parties have not meaningfully contested the fourth, fifth, and sixth factors; accordingly, the Court finds them to be neutral. The Court addresses the remaining factors in turn.

1. **Plaintiffs' Choice of Forum**

"[U]nless the balance is strongly in favor of the movant[,] the plaintiff's choice of forum should rarely be disturbed." *See Emplrs Mut. Cas. Co.*, 618 F.3d at 1167-68. In this case, the factor weighs against transferring the action. A plaintiff's choice of forum is only accorded less deference if the plaintiff itself does not reside in the district or where the facts giving rise to the lawsuit have no material relation or significant connection to the chosen forum. *Id.* In this case, however, it is undisputed that Plaintiff is a citizen of Oklahoma and is located in Tulsa, OK, in the Northern District of Oklahoma. For the same reason, because Plaintiff's citizenship and location were known to Defendant at the time the parties entered into a contract, the action's connection to this district is not immaterial or insignificant. While this district may not have the only, or even the strongest, connection to the lawsuit, as the project itself is located in Arkansas City, KS, the connection is not so insignificant to, on its own, justify disturbing Plaintiff's choice of forum.

2. **Accessibility of Witnesses and Other Sources of Proof**

Defendant has not established that accessibility of witnesses and other sources of proof weighs in favor of transferring this case. For example, Defendant concedes that "[t]he location of documents should not be an issue in this case." (Doc. 10, pg. 8.) Additionally, "[t]he convenience of witnesses is the most important factor in deciding a motion to dismiss under § 1404(a). To demonstrate inconvenience, the movant must (1) identify the witnesses and their locations; (2) indicate the quality or materiality of their testimony; and (3) show that any such witnesses were unwilling to come to trial, that deposition testimony would be unsatisfactory, or that the use of compulsory process would be necessary." *See Emplr. Mut. Cas. Co.*, 618 F.3d at 1169 (internal citations and alterations omitted). In this case, Defendant has made only a general allegation that some necessary witnesses are located in the District of Kansas—it has not identified the witnesses and their locations, nor any of the other factors required. Moreover, Defendant concedes that

"[Plaintiff] and its employee witnesses are likely located in Tulsa," and offers no corresponding reason why the inconvenience to these witnesses is less compelling than the inconvenience to themselves. (Doc. 10, pg. 8.) Because merely shifting inconvenience from one party to another is not a permissible justification for a change of venue, Defendant has not established that the accessibility of witnesses and other sources of proof weighs in favor of transferring this case.

### 3. The Cost of Making the Necessary Proof

Defendant argues that it is a small company that will experience a great deal of disruption if its employees are required to travel to this district for litigation activities, including depositions and trials. However, as Defendant concedes, Plaintiff and its employees are located in Tulsa, and would be required to travel to the District of Kansas if the matter is transferred. Defendant has failed to demonstrate, or even allege, that transfer of venue will not simply shift costs from one party to another, or that Plaintiff is somehow better equipped to bear these costs. Finally, it appears from the record that both parties have retained counsel located in Tulsa, OK, indicating that litigating this case in the District of Kansas may actually add to the cost of either attorney travel or local counsel. This factor weighs against transfer.

### 4. The Possibility of the Existence of Questions Arising in the Area of Conflict of Law

In a diversity action such as this one, courts prefer that the action be adjudicated by a court sitting in the state that provides the substantive law. *See Emplr. Mut. Cas. Co.*, 618 F.3d at 1169-70. In this case, it is not clear which state's substantive law will govern the entirety of the dispute. The parties agree that Kansas law governs Plaintiff's breach of contract claim, but disagree as to whether Kansas or Oklahoma law will govern Plaintiff's tort claims.[2] However, because it is

---

[2] The resolution of this dispute will not change the outcome of the venue motion and the Court declines to determine which state's substantive law applies without further briefing.

certain that Kansas law will govern at least some of Plaintiff's claims, this factor weighs slightly in favor of transfer. However, this factor is not entitled to great weight, as the contract and tort claims brought by Plaintiff do not involve complex legal issues and because federal judges are qualified to apply state law. *Id.*

5. **The Advantage of Having a Local Court Determine Questions of Local Law**

"When the merits of an action are unique to a particular locale, courts favor adjudication by a court sitting in that locale." *Id.* This factor weighs in favor of transfer, as it is undisputed that the project is physically located in Arkansas City, KS, and substantive Kansas law governs the contract. Further, Defendant's alleged breach of contract and some of Defendant's alleged torts took place in Kansas.

6. **All Other Considerations of a Practical Nature that Make a Trial Easy, Expeditious, and Economical**

In Defendant's discussion of this factor, it emphasizes its lack of contacts with Oklahoma. In doing so, Defendant appears to conflate the § 1404(a) venue analysis with personal jurisdiction analysis. *See Benton v. Cameco Corp.*, 375 F.3d 1070, 1075-76 (10th Cir. 2004) (a defendant is subject to personal jurisdiction if its actions create minimum contacts such that it should reasonably anticipate being haled into court there.). Unlike the Court's personal jurisdiction analysis, however, venue is concerned not with the Court's power over Defendant but with "the convenience of parties and witnesses." *See* 28 U.S.C. § 1404(a). While Defendant has demonstrated that trial in the District of Kansas would be more convenient for it, it has not demonstrated that it would be more convenient for the parties and witnesses as a whole, nor any other reason why trial in the District of Kansas would be easier, more economical, or faster.

Accordingly, Defendant has not demonstrated that transfer is appropriate pursuant to § 1404(a). While some factors weigh in favor of transfer, most factors do not—including the most important factors, Plaintiff's choice of forum and the convenience of the witnesses. Accordingly, transfer is not appropriate pursuant to § 1404(a).

## IV. Conclusion

For the reasons set forth above, the Court finds that Plaintiff has failed to establish a that the amount in controversy requirement is not satisfied and that Defendant has failed to demonstrate that transfer of venue is appropriate. For these reasons, both Defendant's Motion to Dismiss for Improper Venue or, in the alternative, Transfer This Action to the District of Kansas (Doc. 10) and Plaintiff's Motion to Remand (Doc. 14) are **DENIED**.

**DATED THIS 29th day of March, 2019.**

*(signature)*

**TERENCE C. KERN**
**United States District Judge**